# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BREWSTER LOOMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VAAGEN BROS. LUMBER, INC., a Washington corporation,<br><br>Defendant. | NO.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br><br>**JURY TRIAL REQUESTED** |

CLASS AND COLLECTIVE ACTION COMPLAINT
Page 1 of 20

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Plaintiff BREWSTER LOOMER, individually and on behalf of all others similarly situated ("Plaintiff") bring this CLASS AND COLLECTIVE ACTION COMPLAINT for damages and statutory penalties for wage and hour violations of behalf of current and former non-exempt employees of Defendant VAAGEN BROS. LUMBER, INC. ("Defendant"), pursuant to the Fair Labor Standards Act, Washington Minimum Wage Act ("MWA"), RCW 49.46, and Wage Rebate Act ("WRA"), RCW 49.52.

## I. INTRODUCTION

1.1  Plaintiff and Class members are current and former non-exempt employees who have been employed by Defendant and who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and all other similarly situated employees.

1.2  Defendant has also engaged in a common practice of not paying Plaintiff and Class members for all regular and overtime hours worked.

1.3  Defendant failed to pay overtime at the regular rate of pay despite Plaintiff and Class members earning shift differentials.

1.4  Defendant has engaged in a systematic policy and practice of denying rest breaks and meal breaks—and thereby wages—to its non-exempt employees.

1.5  Defendant engaged in a systematic policy of automatically deducting meal periods.

1.6  Defendant has failed to compensate its employees for missed rest breaks and time worked during purported meal breaks.

1.7  Defendant's violations of state law have been willful.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 2 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## II. JURISDICTION & VENUE

2.1   This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

2.2   This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

2.3   The United States District Court for the Eastern District of Washington has personal jurisdiction over Defendant because it does business in Washington and in this District, and because some of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

2.4   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

2.5   At all times material to this action, Plaintiff was a resident of Stevens County, Washington.

2.6   At all relevant times, Defendant employed Plaintiff in Stevens County, Washington. The events, acts, and omissions giving rise to Plaintiff's claims alleged herein occurred in Stevens County, Washington.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 3 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

### III. PARTIES

3.1 <u>Plaintiff Brewster Loomer.</u> Plaintiff Brewster Loomer is an individual over 18 years of age who worked for Defendant in Washington as a non-exempt employee from approximately June 14, 2021, to present. Plaintiff works as an Electrician.

3.2 Plaintiff and members of the class and collective (collectively, "employees") currently work for or formerly have worked for Defendants.

3.3 <u>Defendant Vaagen Bros. Lumber, Inc.</u> Defendant Vaagen Bros. Lumber, Inc. is a Washington corporation that maintains operations and conducts business throughout the State of Washington, including in Stevens County, and the United States of America.

3.4 Defendant employed Plaintiff and proposed Class members during the relevant period as set forth below.

### IV. FLSA COLLECTIVE ALLEGATIONS

4.1 Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) and (d) to recover unpaid overtime wages and liquidated damages related to Defendant's violation of the FLSA.

4.2 Plaintiff seeks this relief on behalf of the "FLSA Collective":

    a. All current and former non-exempt hourly employees of the Defendant who worked for Defendant at any time during the three years preceding the filing of this action through the present date in the United States of America.

4.3 Plaintiff is a member of the FLSA Collective he seeks to represent because he worked for Defendant within the statutory period for Defendant and he was paid

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 4 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

overtime wages in the same pay period in which he was paid other forms of non-excludable remuneration, like differentials.

4.4   Although Plaintiff and the FLSA Collective may have had different job titles, worked at different locations or in different departments, received different hourly rates of pay, and received differentials, cash-in-lieu pay, and incentives under different codes and classifications, this action and the damages sought herein may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

    a. Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

    b. Plaintiff and the FLSA Collective were subject to Defendant's policies, practices, and directives with respect to overtime pay.

    c. Plaintiff and the FLSA Collective were paid overtime wages.

    d. Plaintiff and the FLSA Collective were paid additional forms of remuneration.

    e. Regardless of their job title or location, Defendant did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours worked.

4.5   Plaintiff estimates that the Class, including current and former employees during the Class Period, will exceed one hundred members, though the precise number of individuals should be readily available from Defendant's personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

4.6   The total number and identities of those individuals in the FLSA Collective—current and former employees of Defendant within the FLSA Period—is readily

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 5 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

available employment and payroll records Defendant is obligated to maintain under state and federal laws.

4.7  The three-year statute of limitations set forth in 29 U.S.C § 255 applies because the obligation to pay overtime based upon the regular rate of pay, rather than the base rate, is well established and Defendant has failed to comply, despite the ability and resources to do so.

4.8  The First Cause of Action is properly brought and maintained as an opt-in collective action. 29 U.S.C. 216(b). The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

## V.    CLASS ACTION ALLEGATIONS

5.1  Plaintiff, on behalf of himself, and all Class Action Members, re-alleges and incorporates by reference all allegations set forth herein.

5.2  Pursuant to Washington Civil Rule 23, Plaintiff brings this action on behalf of a proposed Class consisting of:

> All current and former non-exempt employees who worked for Defendant in Washington at any time from June 17, 2024 through the date discovery closes.

5.3  Excluded from the Class are any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

5.4  Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

5.5  <u>Numerosity</u>: The Class is estimated to exceed 50 individuals, although the precise membership of the entire Class is unknown at this time. The Class is so

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 6 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

numerous that joinder of all Class members is impracticable. The identities of Class members can be obtained from Defendant's employment and payroll records.

5.6  <u>Commonality</u>. Common questions of law and fact as to the Class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendant and applied to Class members constitute violations of Washington law. Among the questions of law and fact common to Plaintiff and the Class are:

a. Whether Defendant has engaged in a common course of failing to provide Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure Class members have taken the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to pay Class members an additional 10 minutes of compensation for each missed rest break;

e. Whether Defendant has engaged in a common course of failing to provide Class members with a 30-minutes meal break for every five hours of work;

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 7 of 20

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

f. Whether Defendant has engaged in a common course of failing to ensure that Class members have taken the meal breaks to which they are entitled;

g. Whether Defendant has engaged in a common course of failing to pay Class members an additional 30 minutes of compensation for each missed meal break;

h. Whether Defendant has engaged in a common course of failing to pay Class members for all hours worked;

i. Whether Defendant has engaged in a common course of failing to pay Class members all overtime compensation to which they are entitled;

j. Whether Defendant violated RCW 49.12 *et seq*. as to Plaintiff and the Class;

k. Whether Defendant violated RCW 49.46.090 as to Plaintiff and the Class;

l. Whether Defendant violated RCW 49.46.130 as to Plaintiff and the Class;

m. Whether Defendant violated RCW 49.48.010 as to Plaintiff and the Class;

n. Whether Defendant violated RCW 49.52.050 as to Plaintiff and the Class;

o. Whether Defendant violated WAC 296-126-092 as to Plaintiff and the Class;

p. Whether Defendant violated WAC 296-126-040 as to Plaintiff and the Class;

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 8 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

q. Whether Defendant violated WAC 296-126-023(3) as to Plaintiff and the Class;

r. Whether Defendant violated WAC 296-128-010 as to Plaintiff and the Class;

s. Whether Defendant violated WAC 296-128-020 as to Plaintiff and the Class; and

t. The nature and extent of Class-wide injury and the measure of compensation for such injury.

5.7 Typicality. Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and Class members were subject to the same policies and practices of Defendant, which resulted in losses to Plaintiff and the Class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the Class to recover on the causes of action alleged herein.

5.8 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who have significant experience in complex and class action litigation, including employment law. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with the class.

5.9 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

5.10 Superiority. A class action is superior to other means for adjudicating this

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 9 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

### VI.    SUMMARY OF FACTUAL ALLEGATIONS

6.1    <u>Common Course of Conduct: Failure to Pay for All Hours of Work</u>. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

6.2    Defendant has engaged in a common practice of requiring off-the-clock work due to working through unpaid, automatically deducted meal periods which resulted in unpaid hours worked.

6.3    <u>Common Course of Conduct: Failure to Pay Overtime Wages</u>. Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and Class members when they work more than 40 hours in a week.

6.4    To the extent that Defendant's policy requiring off-the-clock work resulted in hours worked over 40 hours in a week, this resulted in unpaid overtime hours.

6.5    Plaintiff and the Class members earned shift differentials and other forms of compensation in addition to their hourly rate that Defendant failed to include in the regular rate of pay for purposes of calculating the overtime rate owed to Plaintiff and Class members when they worked overtime in the same pay period.

6.6    Defendant has actual or constructive knowledge of the foregoing facts.

6.7    <u>Common Course of Conduct: Failure to Provide Meal Breaks</u>. Defendant has engaged in a common course of failing to provide Plaintiff and Class members with a thirty-minute meal break for every five hours of work.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 10 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

6.8  Defendant has engaged in a common course of requiring or permitting Plaintiff and Class members to work more than five consecutive hours without a meal break.

6.9  Defendant engaged in a common course of automatically deducting 30 minutes of unpaid meal period time each day.

6.10 Defendant has engaged in a common course of failing to ensure Plaintiff and Class members have taken the meal breaks to which they are entitled.

6.11 Plaintiff and Class members were not provided adequate staffing and coverage to take proper meal breaks, and routinely went without or otherwise experienced a non-compliant meal period.

6.12 Additionally, due to the emergent nature of the work Plaintiff and the class members often experienced short (less than 30 minutes) or interrupted meal periods, where they would not be completely free from work duties.

6.13 Defendant has engaged in a common course of failing to provide Plaintiff and Class members with thirty minutes of additional pay for each missed meal break.

6.14 <u>Common Course of Conduct: Failure to Provide Rest Breaks</u>. Defendant has engaged in a common course of failing to provide Plaintiff and Class members with a paid ten-minute rest break for every four hours of work.

6.15 Defendant has engaged in a common course of requiring or permitting Plaintiff and Class members to work more than three consecutive hours without a rest break.

6.16 Defendant has engaged in a common course of failing to provide Plaintiff and Class members with ten minutes of additional pay for each missed rest break.

6.17 <u>Common Course of Conduct: Failure to Maintain and Provide Accurate Wage Statements</u>. Defendant has engaged in a common course of failing to keep true

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 11 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

and accurate time records for all hours worked by Plaintiff and Class members.

6.18 As a result of Defendant's common course of failing to provide proper rest and meal breaks to Plaintiff and Class members, Defendant has also failed to maintain accurate records of hours worked by Plaintiff and Class members.

6.19 Defendant has engaged in a common course of failing to provide proper payroll documents to Plaintiff and Class members.

6.20 Defendant has actual or constructive knowledge of the foregoing facts.

## VII. FIRST CLAIM FOR RELIEF

### Failure to Pay All Overtime Wages Owed [FLSA - 29 U.S.C. §§ 201 *et seq.*]
### (Plaintiff and the FLSA Collective Against Defendant)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if set forth herein.

7.2    Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

7.3    Defendant employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

7.4    Defendant paid Plaintiff and the FLSA Collective non-excludable, non-discretionary forms of additional remuneration.

7.5    Defendant failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

7.6    Plaintiff and the FLSA Collective have been deprived of overtime wages owed for time worked more than 40 hours per week, due to the regular rate

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 12 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

underpayments.

7.7    Defendant's violations of the FLSA have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

7.8    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

7.9    As a result of Defendant's practice, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus liquidated damages, interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### VIII.    SECOND CLAIM FOR RELIEF
### FAILURE TO PAY FOR ALL HOURS WORKED [FLSA 29 U.S.C. §§ 201 *et seq*.]
### (Plaintiff and the FLSA Collective Against Defendant)

8.1    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

8.2    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of FLSA, 29 U.S.C. § 203, and Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.

8.3    Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all wages under the FLSA, including agreed upon wages and the applicable minimum wage, as mandated by 29 U.S.C § 206(a).

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 13 of 20

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

8.4 Defendant failed to pay Plaintiff and the FLSA Collective for all hours worked as a result of its policies of automatically deducting 30-minute meal periods regardless of the collective's ability to take one.

8.5 This practice resulted in Plaintiff and the FLSA collective being deprived of their regular wages.

## IX. THIRD CLAIM FOR RELIEF
### (Minimum Wage Act Violations: RCW 49.46 *et seq.*)
*On Behalf of Plaintiff and the Class*

9.1 Plaintiff and the Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 et seq.

9.3 RCW 49.46.090 provides that "[a]ny employer who pays any employee less than wages to which such employee is entitled under or by virtue of [the Minimum Wage Act], shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

9.4 Defendant has failed to pay wages to Plaintiff and Class members for missed rest and meal breaks, and work performed off the clock.

9.5 Defendant has failed to timely pay all wages owed to Plaintiff and Class members at regular pay intervals pursuant to RCW 49.46 et seq. and WAC 296-126-023.

9.6 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.020, RCW 49.46.090, RCW 49.46.120, RCW 49.46.130, and WAC 296-126-

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 14 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

023.

9.7 As a result of these unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.46.090.

## X.   FOURTH CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages: RCW 49.46.130)
*On Behalf of Plaintiff and the Class*

10.1 Plaintiff and the Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than forty hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he or she is employed.

10.3 Defendant failed to pay the required overtime rate to Plaintiff and Class members during the class period.

10.4 Defendant failed to pay Plaintiff and Class members for all time worked.

10.5 By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and RCW 49.46.130 by failing to pay all wages earned to Plaintiff and Class members for some of the time they worked, including but not limited to work they performed in excess of forty hours per week.

10.6 By the actions alleged above, Defendant violated the provisions of RCW 49.46 et seq.

10.7 As a result of Defendant's unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 15 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

to RCW 49.46 are entitled to recover such amounts, including interest thereon, and attorneys' fees and costs.

## XI.   FIFTH CLAIM FOR RELIEF
### (Meal Period Violations: RCW 49.12.020 and WAC 296-126-092)
*On Behalf of Plaintiff and the Class*

11.1   Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2   RCW 49.12.010 demands all employees be "protected from conditions of labor which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions of labor" to include meal and rest periods for employees in the state of Washington.

11.3   WAC 296-126-092 establishes employees shall be allowed unpaid meal periods during their shifts.

11.4   Failure to do so results in an employer's duty to pay employees thirty minutes of additional pay for each missed (or otherwise non-compliant) meal break.

11.5   Defendant violated the provisions of RCW 49.12.020 and WAC 296-126-092 and further violated the WMWA by automatically deducting meal periods and not paying Plaintiff and Class members for non-compliant meal periods.

11.6   As a result of the unlawful acts of Defendant, Plaintiff and Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and Class members are entitled to the recovery of such damages, including interest thereon, and attorneys' fees and costs under RCW 49.48.030.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 16 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## XII.  SIXTH CLAIM FOR RELIEF
### (Rest Break Violations: RCW 49.12.020 and WAC 296-126-092)
*On Behalf of Plaintiff and the Class*

12.1   Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2   RCW 49.12.010 demands all employees be "protected from conditions of labor which have a pernicious effect on their health." The RCW and WAC have interpreted "conditions of labor" to include meal and rest periods for employees in the state of Washington.

12.3   WAC 296-126-092 establishes employees shall be allowed paid rest breaks during their shifts.

12.4   Under Washington law, Defendant must provide employees with the rest periods to which they are entitled.

12.5   Failure to do so results in an employer's duty to pay employees ten minutes of additional pay for each missed rest break.

12.6   Defendant violated provisions of RCW 49.12.020 and WAC 296-126-092 and further violated the WMWA by automatically deducting meal periods and not paying Plaintiff and Class members for non-compliant meal periods.

12.7   Defendant violated the provisions of RCW 49.12.020 and WAC 296-126-092 and further violated the WMWA by not paying Plaintiff and Class members for missed rest breaks.

12.8   As a result of the unlawful acts of Defendant, Plaintiff and Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and Class members are entitled to the recovery of such damages, including interest thereon, and attorneys' fees and costs under RCW 49.48.030.

## XIII.  SEVENTH CLAIM FOR RELIEF

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 17 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

**(Unpaid Wages on Termination: RCW 49.48 *et seq.*)**
***On Behalf of Plaintiff and the Class***

13.1  Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2  RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

13.3  Defendant failed to pay Plaintiff and the Class all wages due, and at the end of the established pay period, at the end of their employment. This includes, but is not limited to, failing to pay Plaintiff and Class members for all wages earned in the final pay period, failing to pay Plaintiff and Class members for all wages earned in prior pay periods, and failure to pay Plaintiff and Class members their final paycheck at the end of the established pay period.

13.4  By the actions alleged above, Defendant violated the provisions of RCW 49.48.010. As a result of Defendant's unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial. Pursuant to RCW 49.48.030 are entitled to recovery of such amounts, including interest thereon, attorneys' fees, and costs.

### XIV.  EIGHTH CLAIM FOR RELIEF
**(Willful Refusal to Pay Wages: RCW 49.52.050)**
***On Behalf of Plaintiff and the Class***

14.1  Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 18 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

14.2   RCW 49.52.050 provides that any employer or officer, vice principal or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

14.3   RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

14.4   The alleged unlawful actions by Defendant against Plaintiff and the Class, as set forth above, were committed willfully and with intent to deprive Plaintiff and the Class of part of their wages.

14.5   As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

14.6   As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## XV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own and on behalf of the members of the Class, prays for judgment against Defendant, as follows:

A.   Certify the proposed Class;

B.   For certification of this action as an FLSA collective action;

C.   Appoint Plaintiff as representative of the Class;

D.   Appoint the undersigned attorneys as counsel for the Class;

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 19 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

E. Award compensatory, liquidated, and exemplary damages to Plaintiff and Class members for violation of state wage and hour laws, in amounts to be proven at trial;

F. Award Plaintiff and Class members their attorneys' fees and costs, as allowed by law;

G. Award Plaintiff and Class members prejudgment and post-judgment interest, as permitted by law, including 29 U.S.C. § 216(b), RCW 49.46.090, RCW 49.48.030, and RCW 49.52.070;

H. Permit Plaintiff and Class members leave to amend the complaint to conform to the evidence presented at trial; and

I. Grant such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 17th day of June, 2024.

**REKHI & WOLK, P.S.**

By: *s/ Hardeep S. Rekhi*, WSBA No. 34579
Hardeep S. Rekhi, WSBA No. 34579
By: *s/ Gregory A Wolk*, WSBA No. 28946
Gregory A Wolk, WSBA No. 28946
By: *s/ Erika Lane*, WSBA No. 40854
Erika Lane, WSBA No. 40854
529 Warren Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-Mail: hardeep@rekhiwolk.com
    greg@rekhiwolk.com
    elane@rekhiwolk.com
*Attorneys for Plaintiff*

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES
Page 20 of 20

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924