THE HONORABLE THOMAS O. RICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BREWSTER LOOMER and PETER SLIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VAAGEN BROS. LUMBER, INC., a Washington corporation,<br><br>Defendant. | No: 2:24-cv-00206-TOR<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**AUGUST 29, 2025 WITHOUT ORAL ARGUMENT**<br><br>Action Filed: June 17, 2024 |

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - i
CASE NO. 2:24-cv-00206-TOR

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## I. INTRODUCTION

Plaintiffs Brewster Loomer and Peter Sliman move the Court for preliminary approval of a class action settlement for wage and hour claims reached with Defendant Vaagen Bros. Lumber, Inc. ("Defendant" or "Vaagen Bros.").

Subject to approval by the Court and other conditions set forth in the Settlement Agreement, the settlement reached by the Parties through the negotiation process described in Paragraphs I. F-H of the Agreement (the "Settlement") requires Defendant to pay $1,600,000.00 for the benefit of the class, in exchange for a complete release of all claims based on the facts alleged in the Class Action Complaint during the Settlement Class Period, from June 17, 2021, through May 13, 2025. Subject to Court approval, the $1,600,000.00 Gross Settlement Amount ("GSA") includes payments for settlement administration expenses of up to $6,600.00, a service award to the Plaintiffs of up to $10,000.00, each, attorneys' fees of up to one third of the settlement amount ($533,280.00), and reimbursement of litigation costs of up to $17,500.00.

The Settlement satisfies the requirements for preliminary approval because it was negotiated at arm's length, has no obvious deficiencies, treats all class members equally, and is within the range of possible approval. Thus, Plaintiffs respectfully request the Court take the following initial steps in the settlement approval process: (1) grant preliminary certification of the class; (2) grant preliminary approval of the Settlement; (3) approve the proposed notice plan and class notice forms; (4) appoint CAC Services Group, LLC ("CAC") to serve as the Settlement Administrator; and (5) schedule the final fairness hearing and related dates.

## II. STATEMENT OF FACTS

A.    **Factual and Procedural Background.**

Vaagen Bros. is a family owned lumber company that operates sawmills and employs machine operators, electricians, utility workers and other positions. *See* Declaration of Nicholas J. Ferraro in support of Plaintiffs' Motion for Preliminary Approval ("Ferraro Decl.") ¶ 5.

Plaintiffs filed their complaint against Defendant on June 17, 2024, and filed their First Amended Complaint on August 29, 2024. *See* ECF Nos. 1, 12. The Parties engaged in substantial

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:24-cv-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

litigation for over a year. Plaintiffs' counsel completed extensive investigation and informal discovery, including reviewing and analyzing the damages data with the assistance of a damages expert, contacting Class Members, and more. Ferraro Decl. ¶ 7.

The Parties engaged in mediation on May 13, 2025, with mediator Clifford Freed, resulting in an agreement as to the essential terms of the settlement. *Id.* ¶¶ 8 and 11. The Parties then drafted, finalized, and executed the long-form settlement agreement ("Agreement") in June 2025. Ferraro Decl., Ex. 1. All of the Parties' settlement negotiations were non-collusive and at arm's length. *Id.* ¶ 14. Plaintiffs and their counsel believe the Agreement is fair, adequate, reasonable, and in the best interests of the proposed class. *Id.* ¶ 19; Declaration of Gregory A. Wolk in support of Plaintiffs' Motion for Preliminary Approval ("Wolk Decl.") ¶ 2; *see also* Agreement § I.H.

**B.    The Proposed Settlement.**

The full details of the Settlement are contained in the Agreement. *See* Ferraro Decl., Ex. 1. Pertinent details of the Agreement are summarized below.

I.    <u>The Settlement Class.</u>

The Agreement defines the Class Members as: "[A]ll current and former non-exempt employees who worked for Vaagen Bros. in Washington at any time from June 17, 2021, through May 13, 2025, as already identified by Vaagen Bros." Agreement § 1.6. The Participating Class Members are defined as: "[A] Class Member who does not submit a valid and timely Request for Exclusion from the Settlement." *Id*. § 1.25.

Plaintiffs' claims include: (1) failure to pay all overtime wages owed: FLSA - 29 U.S.C. §§ 201 et seq.; (2) minimum wage act violations RCW 49.46 et seq.; (3) failure to pay overtime wages: RCW 49.46.130; (4) meal and rest period violations: RCW 49.12.020 and WAC 296-126-092); (5) unpaid wages on termination: RCW 49.48 et seq.; and (7) willful refusal to pay wages: RCW 49.52.050. *See* ECF No. 12. Defendant has denied these allegations. *See* ECF No. 18.

The settlement properly contemplates a full release for all the alleged claims under both federal and state law. *Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106, 1110 11 (9th Cir. 2018) (holding opt-out release of state law claims was *res judicata* against FLSA claims based on

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 2
CASE NO. 2:24-cv-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

same facts) *(accord Richardson v. Wells Fargo Bank, N.A.,* 839 F.3d 442,451 52 (5th Cir. 2016) (plaintiff who became party to the opt-out Rule 23 settlement was bound by all settlement terms, including release of FLSA claims).

The Agreement provides that Defendant, within 15 days of preliminary approval, shall provide all information identifying Class Members in Vaagen Bros.' possession including their names, last-known mailing addresses, Social Security numbers, and number of Class Workweeks to the Settlement Administrator. Agreement § 1.15.

II. <u>Settlement payments.</u>

The Settlement Agreement requires Defendant to pay the GSA of $1,600,000.00. *Id*. § 1.18. Subject to Court approval, these funds will be used to pay settlement administration expenses, service awards to Plaintiffs, attorneys' fees and costs, and awards to members of the Settlement Class (the "Class Fund") as set forth in more detail below. *Id*. § 2.2.

    a.    *Payments by Defendant.*

The Settlement Agreement requires Defendant to pay the GSA plus mandatory employer-side payroll taxes. Agreement § 2.1.1. The settlement payments shall be deposited into an account set up by the Settlement Administrator. *Id*. § 6.3.

    b.    *Settlement administration expenses.*

The Settlement Agreement proposes a maximum of $6,600.00 from the GSA to be paid to the Settlement Administrator for the processing of the Settlement. *Id*., §§ 1.4; 2.2.3.

    a.    *Plaintiffs' service awards.*

The Settlement Agreement contemplates service awards of up to $10,000.00 from the GSA to each of the Plaintiffs in recognition of their efforts in prosecuting the Case. *Id.* §§ 1.30; 2.2.1.

    b.    *Attorneys' fees and litigation expenses.*

Class Counsel will request an award of attorneys' fees of one-third of the Settlement Fund in the amount of $533,280.00, plus up to an additional $17,500.00 for actual litigation costs to be paid from the GSA. *Id.* §§ 1.5 and 1.21; 2.2.2.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 3
Case No. 2:24-cv-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

c.  *Payments to Settlement Class Members.*

Assuming the Court approves the amounts set forth above, the remaining amount (anticipated $1,022,620.00) shall be considered the Class Fund and shall be distributed directly to Participating Class Members, who will be paid their pro-rata share. *Id*. § 2.2.4. For tax and withholding purposes, individual settlement allocations shall be treated as follows: thirty-three percent (33%) of each individual settlement allocation distributed to a Participating Class Member shall be deemed to be wages, subject to payroll taxes, and the Settlement Administrator shall issue appropriate IRS Forms W-2; and sixty-seven percent (67%) of each individual settlement allocation distributed to a Participating Class Member shall be deemed to be non-wage payments for interest and exemplary damages and the Settlement Administrator shall issue appropriate IRS Forms 1099. *Id*. Within ten (10) business days of receiving the funds, the Settlement Administrator shall mail the checks to the Participating Class Members. *Id.* § 3.3.

After one hundred eighty (180) calendar days, the Settlement Administrator will send any funds from uncashed checks to Washington's Unclaimed Property Fund pursuant to the Unclaimed Property Act (RCW 63.29 et seq). *Id.* §§ 3.3.1-3.3.3. No funds will revert to Defendant. *Id.* § 2.1

III. <u>Settlement Class Members' release.</u>

Plaintiffs and Participating Class Members will release all claims based on the facts alleged in the Complaint during the Settlement Class Period. *Id.* § 4.

IV. <u>Settlement Administration.</u>

CAC Services Group, LLC provided Plaintiffs with an economical quote not to exceed $6,600.00 to carry out the duties as per the Agreement. *Id*. § 1.4. Plaintiffs, therefore, propose that the Court approve CAC Services Group, LLC as the Settlement Administrator.

### III.  STATEMENT OF ISSUES

Whether the Court should: (1) certify the settlement class for settlement purposes; (2) grant preliminary approval of the Settlement Agreement; (3) approve the proposed notice plan and class notice forms; (4) appoint CAC Services Group, LLC to serve as the Settlement Administrator; and (5) schedule the final fairness hearing and related dates.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 4
CASE NO. 2:24-cv-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## IV.  EVIDENCE RELIED UPON

Plaintiffs rely on the Declarations of Nicholas J. Ferraro and Gregory A. Wolk in support of this motion, the attached exhibit(s), and the pleadings and records on file with the Court.

## V.  AUTHORITY AND ARGUMENT

### A.   The Settlement Class Should be Certified for Settlement Purposes

Plaintiffs seek to certify the proposed Class under Fed. R. Civ. P. ("FRCP") 23(a) and FRCP 23(b)(3). FRCP 23(a) is satisfied when (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. FRCP 23(b)(3) is met when common questions of law or fact predominate and class action is a superior method of adjudication.

The Class consists of nearly 510 employees. Ferraro Decl. ¶ 9. The claims raise common questions of fact and law that are the same for all Class members, and Plaintiffs are typical of the Class for those claims. *Id.* ¶ 19. They have no conflicts with and have served the Class's interests. Class counsel is qualified and has vigorously pursued the Class's best interests. *Id.* ¶ 17.

Commonality is met if Plaintiffs' and the Class's claims "depend upon a common contention . . . capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Here, the common questions of whether Defendant's uniform wage practices for all Class members predominate over any individual issues, with a class action the superior, and likely only, method to adjudicate these claims. *Id.* ¶ 19. As such, the Court should certify the Class for settlement purposes.

### B.   Class action settlement approval process.

As a matter of "express public policy," Washington public policy strongly favors the settlement of disputes. *MacLean Townhomes, Ltd. Liab. Co. v. Charter Oak Fire Ins. Co.*, No. C06-1093BHS, 2008 U.S. Dist. LEXIS 64403, at *7 (W.D. Wash. Aug. 18, 2008) (citations omitted) This is particularly true in class actions where the inherent costs, delays, and risks of

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:24-cv-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The Manual for Complex Litigation describes a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement; (2) dissemination of notice of the settlement to all affected class members; and (3) a "fairness hearing" at which class members may be heard and evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented. *Manual for Complex Litigation (Fourth)* §§ 21.632–21.634 (2004) (Ann. ed. 2019) ("*MCL 4th*"). This procedure safeguards class members' due process rights and enables the court to fulfill its role as the guardian of class interests. *See* William B. Rubenstein, *Newberg on Class Actions* § 13:1 (5th ed. 2019) ("*Newberg*").

Plaintiffs request that the Court grant preliminary approval of the proposed Settlement. The decision to approve or reject a proposed Settlement is at the Court's sound discretion. *See MacLean Townhomes, Ltd. Liab. Co.*, 2008 U.S. Dist. LEXIS 64403, at *7. Preliminary approval will allow Class members to receive notice of the settlement terms and the time of the final approval hearing, at which they may be heard. *See MCL 4th* §§ 21.632-21.634. Neither notice nor a hearing is required at this stage; the Court may grant preliminary approval upon an informal application by the Parties, at the Court's discretion. *Id.* at § 21.632.

**C.    The Settlement satisfies the criteria for preliminary approval.**

Proposed class action settlements must be approved by the Court. FRCP 23(e). At preliminary approval, courts "undertake *some* review of the settlement" but do not conduct the more thorough analysis at the final approval stage. *Newberg* §13.10 (emphasis in original). Courts determine whether the settlement is within the "range of possible approval." *Id.* § 13:13. Courts typically consider whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval." *Id.* (citation omitted). The Settlement satisfies these requirements.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 6
CASE NO. 2:24-CV-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

I. <u>The Settlement is the product of serious, informed, and arm's-length negotiations.</u>

This Settlement is the result of hard-fought litigation and arm's-length settlement negotiations between attorneys experienced in class action litigation and the legal and factual issues of this case. Class Counsel have extensive experience in litigating wage-and-hour class actions, including the claims at issue here. Ferraro Decl. ¶¶ 22-33 and Wolk Decl. ¶¶ 3-5. Courts accord "great weight" to the views of counsel because they are the ones most closely acquainted with the facts of the litigation. *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Absent fraud or collusion, courts "should rely upon the judgment of experienced counsel for the parties" when considering the adequacy of a proposed settlement. *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013); *see also Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.") (internal quotations omitted). Indeed, a "presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." *Hughes*, at *7 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

The Settlement is the result of dedicated efforts to obtain and analyze data sufficient to evaluate the alleged claims. The Parties engaged in arm's-length negotiations on May 13, 2025. Ferraro Decl. ¶ 14. Prior to this, the Parties exchanged informal discovery, reviewed and analyzed damage models prepared by experts, and engaged in extensive discussions about the strengths and weaknesses of the case. *Id.* ¶ 7. Additionally, Plaintiffs' counsel spent numerous hours interviewing Plaintiffs and Class Members and analyzing payroll data, pay sheets, and other information provided by Defendant to determine and assess the risks associated with a trial on the merits of the claims. *Id.* The Parties finalized the Settlement on June 27, 2025. *Id.* ¶ 12.

II. <u>The Settlement has no obvious deficiencies and does not grant preferential treatment.</u>

The Settlement treats all Participating Class Members equally and provides relief proportional to the alleged damages. Each Participating Class Member will receive a pro-rata share

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 7
CASE NO. 2:24-cv-00206-TOR

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

of the Class Fund based on their employment, the strength of their respective claims, and estimated work hours during the Class Period. Agreement § 2.2.4. The Settlement does not exclude any Class Members, unless they exclude themselves upon receiving the notice of the Settlement. *Id.* § 2.1.

The Settlement Fund is non-reversionary. *Id.* § 2.l. The Parties request that the Court approve distribution of any undistributed amounts to the Washington State Unclaimed Property Program, administered by Washington State's Department of Revenue. *Id.*

The Agreement contemplates service awards of $10,000.00, for each of the Plaintiffs in recognition of their efforts on behalf of the Class, which included assisting counsel with the investigation and litigation, reviewing discovery responses, and providing input during settlement negotiations. *Id.* §§ 1.30, 2.2.1; *see also* Ferraro Decl. ¶ 16. Service awards "are intended to compensate class representatives for work undertaken on behalf of a class" and "'are fairly typical in class action cases.'" *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (citation omitted). Plaintiffs' support of the Agreement is not conditioned upon this award.

Subject to Court approval, the Settlement provides for a payment to Class counsel for attorneys' fees and costs. Agreement § 2.2.2. Plaintiff's counsel will seek an award of one-third of the GSF." *See Hallman v. Wells Fargo Bank*, N.A., No. 2:18-CV-01190 JLR, 2021 WL 9567171 at *2 (W.D. Wash. June 10, 2021) (Class Counsel's commitment of substantial time and resources to risky multi-year litigation on a contingency basis deserves fee award of one-third of the common fund); *see also Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11, 75 Cal. Rptr. 3d 413 (2008) ("Empirical studies show that, regardless of whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

The requested one-third fee award totals $533,280.00 of the "common fund." The "percentage of the fund" approach is appropriate since the fees will be drawn from a common fund shared with the Class. Courts in this state can and do award fees greater than 30% of a common fund. *See A.M. v. Moda Health Plan, Inc.*, C 14-1191 TSZ, 2015 WL 9839771, at *3 (W.D. Wash. Nov. 3, 2015) (awarding fee of 35% of settlement fund); *Dennings v. Clearwire Corp.*, No. C10-1859JLR, 2013 WL 1858797, at *8 (W.D. Wash. May 3, 2013) (awarding 35.78% of the fund).

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 8
CASE NO. 2:24-cv-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Here, the requested fee award is warranted by the litigation and risk this case has involved. Plaintiffs' counsel undertook representation on a contingency basis, with no guarantee they would be paid. Plaintiffs' Counsel have incurred fees and costs in amounts to be set forth at final approval. Ferraro Decl. ¶ 21. Further, counsel anticipates additional fees securing the Court's approval, working with CAC, calculating damages with expert support, talking to Class members, consulting with defense counsel, and obtaining final approval and dismissal. *Id*. A fee award of 33.33% of the GSF will reasonably compensate and reimburse Counsel for the work already performed, as well as the work remaining to be performed. *See* Agreement § 1.5. The Settlement also provides for reimbursement of up to $17,500.00 for actual litigation costs to Plaintiffs' counsel. The Settlement is not contingent on the amount of attorneys' fees or costs awarded.

III. <u>The Settlement falls within the range of possible judicial approval.</u>

The Settlement provides substantial monetary relief: $1,600,000.00 paid by Defendant. Agreement § 1.18. After payments for the above-proposed award, the amount to be disbursed to the Settlement Class is expected to be approximately $1,022,620.00. All Settlement Class members who do not timely opt out will receive a pro rata portion of the class fund. *Id.* § 2.2.4.

Plaintiffs are confident in their case but recognize that continued litigation would be expensive and time-consuming, requiring trial preparation and ultimately, a lengthy trial. Trial is always risky and even if Plaintiffs prevailed, they would likely face an appeal. *See Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (the risks of trial and subsequent appeals militate for settlement to avoid further protracted and uncertain litigation). The risk that the Class could end up recovering only a fraction of their damages or losing some claims at trial was significant enough to convince Plaintiffs and their counsel that the settlement reached with Defendant outweighs the gamble and expense of further litigation. This Settlement eliminates all these risks and provides relief to Settlement Class Members without further delay.

A.     **The proposed notice program should be approved.**

When a class action is settled, "notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." FRCP 23(e). To protect

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 9
CASE NO. 2:24-CV-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

their rights, class members should receive the best notice practicable regarding the settlement. *See* FRCP 23(c)(2). Such notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Defendant will provide CAC with the names, last-known addresses and Social Security numbers of each Class Member. Agreement § 1.15. Within 14 days, CAC will mail the Notice of Settlement (Exhibit A to Settlement Agreement) to all Class Members. *Id.* § 6.4.2. If any notice is returned undeliverable without a forwarding address, CAC will attempt to find a current mailing address and promptly re-mail the notice to any new address. *Id.* § 6.4.3. Class Counsel will also establish a website to provide Class Members with additional information about the Settlement. *See Id.* § 6.7.1. This approach will ensure direct notice reaches as many Class Members as possible. Class Members may opt-out of the Settlement by making a written request by the Notice Deadline, which will be at least forty-five (45) days after the initial notice mailing date. *Id*. § 6.5.1.

The language of the proposed notice is straightforward and easily understood. The proposed notice provides: (1) the nature of this litigation; (2) the general terms of the Settlement; (3) a statement of Class Members' rights under the Settlement; (4) an explanation of how Class Members can object to or exclude themselves from the Settlement; (5) the identity of Class Counsel and the amount of fees to be paid to counsel; (6) the settlement website they can visit for additional information; and (7) telephone numbers Class Members can call with questions regarding the settlement. *See id*, Ex. A. The notice will provide the date and time of the final approval hearing. *Id.; see also Newberg* § 8:17.

**B.    The scheduling of a final fairness hearing is appropriate.**

Plaintiffs respectfully request that the Court set a final approval hearing on or after November 30, 2025 to make its final evaluation.

## VI.  CONCLUSION

Plaintiffs respectfully request that the Court grant their motion.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 10
CASE NO. 2:24-CV-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

RESPECTFULLY SUBMITTED AND DATED this 30th day of July, 2025.

REKHI & WOLK, P.S.

By:  /s/ *Hardeep S. Rekhi, WSBA #34579*
Hardeep S. Rekhi, WSBA #34579
Gregory A. Wolk, WSBA #28946
Erika Lane, WSBA #40854
529 Warren Ave North, Suite 201
Seattle, Washington 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-mail: hardeep@rekhiwolk.com
         greg@rekhiwolk.com
         elane@rekhiwolk.com

FERRARO VEGA EMPLOYMENT LAWYERS

By: */s/ Nicholas J. Ferraro*
Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-4007
Email: nick@ferrarovega.com
*Attorneys for Plaintiffs and the Class*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 11
CASE NO. 2:24-CV-00206-TOR

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

# CERTIFICATE OF SERVICE

I, Liana Jackson, hereby certify that on July 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William M. Symmes, WSBA # 24132
Abigail Maurer-Lesser, WSBA #57658
WILLIAMS, KASTNER & GIBBS PLLC
601 W. Riverside Avenue, Suite 800
Spokane, WA 99201
Telephone: (509) 609-3820
Fax: (206) 628-6611
wsymmes@williamskastner.com
amaurer@williamskastner.com
**Attorneys for Defendant Vaagen Bros. Lumber, Inc.**

I declare under penalty of perjury under the laws of the United States and the state of Washington dated in San Diego, California this 30th day of July, 2025.

<u>/s/ Liana Jackson</u>
Liana Jackson
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727

CERTIFICATE OF SERVICE
Page 1 of 1

Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Phone: (619) 693-7727
Facsimile: (619) 350-6855