THE HONORABLE THOMAS O. RICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BREWSTER LOOMER and PETER SLIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VAAGEN BROS. LUMBER, INC., a Washington corporation,<br><br>Defendant. | No. 2:24-cv-00206-TOR<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL**<br><br>December 10, 2025<br>With Oral Argument: 10:30 a.m.<br>Location: 920 West Riverside Ave, Courtroom 902, Spokane, WA 99201 |

PLAINTIFFS' MOTION FOR FINAL APPROVAL - i
CASE NO.: 2:24-cv-00206-TOR

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## I. INTRODUCTION

Plaintiffs Brewster Loomer and Peter Sliman ("Plaintiffs") move for final approval of a Class Action Settlement Agreement entered into by Plaintiffs and Defendant Vaagen Bros. Lumber, Inc. ("Defendant") ("Agreement" or "Settlement," ECF 22-1, Exhibit 1). The Settlement seeks to resolve unpaid wage and related missed break claims under FLSA, 29 U.S.C. §§ 201 *et seq.*, and Washington state laws. *See* ECF 22 at 3. On September 2, 2025, this Court preliminarily approved the Settlement finding the relief afforded the proposed class action members and the other proposed awards—as being fair, reasonable and adequate. ECF 24 at 11-15.

Pursuant to the Settlement and the Order Granting Preliminary Approval, the Settlement Administrator, CAC Services Group, LLC ("CAC"), sent notice to the Settlement Class to provide them with an opportunity to opt out or object at the final approval hearing. CAC has received no objections and nine exclusions.

As set forth below, the Settlement is a fair, adequate, and reasonable resolution of the *bona fide* disputes as to liability and damages. Accordingly, Plaintiffs respectfully request this Court grant final approval of the Settlement.

## II. PROCEDURAL AND FACTUAL HISTORY

### A. Procedural History

Plaintiffs filed their complaint on June 17, 2024, and their First Amended Complaint in August 2024. ECF 1, 12. The Parties engaged in litigation for over a year. Plaintiffs' counsel completed extensive investigation and informal discovery, including reviewing and analyzing Class members' data with a damage expert, contacting Class Members, and more. ECF 22-1 ¶¶ 7, 9.

The Parties engaged in mediation on May 13, 2025 agreeing to the essential terms of the settlement. ECF 22-1. ¶¶ 8, 11. The Parties then drafted and executed the Settlement in June 2025. Declaration of Gregory Wolk ("Wolk Decl."), Ex. 1.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 1

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

The Court's Order granting preliminary approval certified the Class Action for settlement purposes, appointed Class Counsel and CAC as the Settlement Administrator, and approved the form, content and distribution method of the Notice. ECF 24. The Court set the Final Fairness Hearing for December 10, 2025 to decide whether to finally approve the Settlement and the proposed awards. *Id*.

### B. Notice Distribution & Response of Settlement Members.

On September 23, 2025, CAC timely disseminated the Court-approved Notices to Settlement Class Members. Declaration of Jeffrey D. Johnson ("Johnson Decl.") ¶ 7. Out of the 527 Notices sent, a total of 4 were undeliverable after CAC performed skip traces. *Id*. ¶ 9. No individual objected to the Settlement and only 9 opted out – reflecting less than 2 percent of the proposed Class. Johnson Decl. ¶¶ 11-12.

### C.    Settlement Beneficiaries and Proposed Allocation of Funds.

The Agreement provides a release for all the alleged claims under federal and state law. *See, e.g., Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106, 1110-11 (9th Cir. 2018) (holding opt-out release of state law claims was res judicata against FLSA claims based on same facts). It provides for a Settlement Fund of $1,600,000 for class member payments, attorneys' fees and litigation costs, settlement administration, and service awards for the class representatives. Agreement § 1.18. The Agreement permits a maximum award of fees of 33.33% of the Settlement Fund ($533,280), plus up to $17,500 for actual litigation costs. *Id*. § 1.21.

The remainder of the Settlement Fund, the Net Class Fund, will be distributed to Participating Class Members by check. Agreement § 1.21. Participating Class Members will be allocated proceeds on a pro rata share of their damages, as calculated by Plaintiffs' expert. *Id*. § 2.2.4. No funds shall revert to Defendant. *Id*. § 2.1.

Within 7 days of the Settlement Effective Date, Defendant will deposit the Settlement Fund and its share of payroll taxes into a Qualified Settlement Fund

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 2

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

established by CAC. Agreement § 3.2. Within 10 days of that, CAC shall process all Court approved awards and distribute Participating Class Members' payment checks. *Id.* § 3.3. After 180 calendar days, CAC will send any funds from uncashed checks to Washington's Unclaimed Property Fund per RCW 63.29 *et seq*. *Id*. §§ 3.3.1-3.3.3.

### III.   ARGUMENT

#### A.   The Court Should Grant Final Approval of the Settlement.

This Court preliminarily approved the proposed Settlement as fair, adequate, and reasonable. ECF 24 at 15. Since preliminary approval, CAC distributed notice with no one objecting and only nine individuals timely opting out. Johnson Decl. ¶¶ 11-12. Participating Class Members will obtain excellent value for their claims, over 60% of their unpaid wages as calculated by Plaintiffs' expert, particularly when compared with the uncertainty and risk of continued litigation. Wolk Decl. ¶ 7.

Ninth Circuit courts evaluate whether a class settlement is fair, reasonable, and adequate by looking to the following factors: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Briseño v. Henderson,* 998 F.3d 1014, 1023 (9th Cir. 2021). Settlements procured prior to class certification "create[] a greater potential for a breach of a fiduciary duty owed to the class . . . [and] must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest . . . before securing the court's approval as fair." *Rodriguez v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 383 (E.D. Cal. 2018) (internal quotations omitted). Each of the factors supports final approval.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 3

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Settlements of FLSA collective action claims also require court approval finding the settlement is a "fair and reasonable resolution of a bona fide dispute.". *Rodriguez v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 384-86 (E.D. Cal. 2018) (internal quotations omitted). In doing so, the Court applies the requirements of Rule 23(e) by analogy to the FLSA context. *Id.*

### 1. The Settlement Fairly Evaluates the Strength of the Case, the Risk of Further Litigation, and the Risk of Maintaining Class Action Status

When evaluating the strengths and risks in further litigation, the court gives the "recommendations of plaintiffs' counsel . . . a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). Moreover, continuing to litigate these claims through trial and appeals would be complex and expensive. *See Rinky Dink, Inc. v. World Bus. Lenders, LLC*, 2016 WL 4052588, at *5 (W.D. Wash. Feb. 3, 2016). The parties believe in the merits of their claims and defenses but given the uncertainty of subsequent motion practice and trial and the expenses associated with continuing discovery and trial, they believe this Settlement is appropriate. The parties seek to resolve this case accordingly. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).

### 2. Participating Class Members Will Receive Over 60% of Alleged Unpaid Wages.

In assessing the amount offered in settlement, the Court typically weighs the relief obtained in the settlement against plaintiffs' expected recovery. *See, e.g.*, *Ikuseghan v. Multicare Health Sys.*, 2016 WL 3976569, at *4 (W.D. Wash. July 25, 2016) (comparing value of settlement to possible recovery at trial). Here, Plaintiffs' expert calculated Participating Class members' unpaid wages to total ~$1.7M, which assumes that the Court would have resolved all corresponding *bona fide* disputes in Plaintiffs' favor. Wolk Decl. ¶ 7. Participating Class Members are receiving over 60% of their unpaid wages. *Id*. There were many disputes that could have substantially

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 4

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

reduced Class members' potential recovery, including the statute of limitations and tolling thereof, the proper overtime rate, breaks taken, hours worked, among others. No class members objected to and only nine opted out of the Settlement, which supports a finding that the Settlement amount is fair and adequate. *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) (noting that the lack of objections favored final approval of settlement). Considering the risks of continued litigation, this recovery is excellent. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding a recovery of 1/6 of the potential recovery to be fair).

### 3. Sufficient Discovery Was Undertaken.

Next, courts look to "whether the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink Inc.*, 2015 WL 11234156, at *5. Completing discovery is not necessary for approval, "as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013). Here, Defendant produced extensive records, including policies, job descriptions, performance evaluations, payroll data, showing weekly earnings and time-off from work, and timekeeping data. This allowed Plaintiffs' expert to calculate Class Members' potential damages. The parties also exchanged detailed and thorough mediation memoranda with factual support and legal authority supporting their relative positions. The parties were able to assess the strengths and weaknesses of liability and damages during their full-day mediation.

### 4. Counsel Reaching Settlement Are Experienced in Class Litigation.

Courts accord "great weight" to the views of counsel because they are most closely acquainted with the facts of the case. *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Absent fraud or collusion, courts "should rely upon the judgment of experienced counsel" when considering the

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 5

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

adequacy of a settlement. *Barbosa*, 297 F.R.D. at 447; *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.")

All Counsel are experienced wage and hour attorneys who conducted a thorough investigation and have advised their clients regarding the Settlement.. *See* ECF Doc. 22-1 and 22-2; *see also* https://www.williamskastner.com/practice-areas/labor-employment/. Class Counsel believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Wolk Decl. ¶¶ 7, 22; Ferraro Decl. ¶ 10.

### 5. *Class Members Have Responded Positively to the Proposed Settlement.*

Few objections to a proposed settlement raise a "strong presumption" that a settlement is favorable. *Millan v. Cascade Water Servs., Inc.*, 2016 WL 3077710, at *8 (E.D. Cal. May 31, 2016). Here, the reaction of the Settlement Class Members strongly supports approval. Of the 527 Settlement Class Members, no one has objected to and only nine timely opted out. Johnson Decl. ¶¶ 5, 11-12, Ex. 1.

### 6. *No Evidence of Collusion.*

The court must consider whether there is evidence of collusion or other conflicts of interest. *Rodriguez v. Danell Custom Harvesting, LLC*, 327 F.R.D. 375, 389 (E.D. Cal. 2018) (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)). The three signs of collusion are: "(1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded; (2) when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds . . .; and (3) when the parties arrange for fees not awarded to revert defendants than be added to the class fund." *Id.* (quoting *In re Bluetooth*, 654 F.3d at 947). None of these factors are present.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 6

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

First, Participating Class Members are obtaining excellent recovery while Class Counsel are seeking 33.33% of the common fund. *See Rodriguez*, 327 F.R.D. at 389. Settlement Class Members were apprised of the requested attorney fee award with no members objecting. Johnson Decl. ¶¶ 4 and 11, Ex. A. Additionally, courts in Washington recognize that "arm's-length negotiations by competent counsel are prima facie evidence of fair settlement." *Ikuseghan*, 2016 WL 3976569, at *4. As detailed in Plaintiffs' motion for preliminary approval (ECF 22) and in III.A.4, *supra*, the Settlement represents an arms-length negotiation between skilled counsel who are familiar with wage and hour class action litigation.

### B. Additional Factors Pursuant to the Recently Amended Rule 23.

The 2018 Amendments to Federal Rule of Civil Procedure 23(e) enumerate factors to evaluate whether a settlement is fair, reasonable, and adequate. These factors do not displace other factors developed by circuit courts, but instead, seek "to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e) (Committee Notes on Rules—2018 Amendments). This section addresses the additional factors.

#### *1. The Proposed Method of Distributing Relief Is Effective.*

The Court approved the Notice and CAC as the Settlement Administrator. ECF 24. The Notices explained the process for opting out or objecting to the Settlement. Johnson Decl., Ex. A. CAC only received nine opt outs and no objections. Johnson Decl. ¶¶ 11-12. Upon final approval by the Court, CAC will be responsible for distributing the Settlement Fund. ECF 22 § B.II.c. As discussed above, CAC shall distribute payment checks to Participating Class members. *Id*.

#### *2. The Terms of the Proposed Attorney's Fees Aware Are Fair.*

The Court must evaluate the fee award in the overall context of the Settlement. *Ontiveros v. Zamora*, 2014 WL 3057506, at *15–16 (E.D. Cal. July 7, 2014) (internal

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 7

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

quotations omitted). The Court "ha[s] an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth*, 654 F.3d at 941. The Ninth Circuit has established a benchmark award of twenty-five percent, with common fund fees typically ranging from 20% to 30%. *In re Coord. Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) (citation omitted); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *see also Ikuseghan*, 2016 WL 4363198, at *2 (awarding fee of 30% of the fund). Courts in this state can and do award fees greater than 30% of a common fund. *See A.M. v. Moda Health Plan, Inc.*, C 14-1191 TSZ, 2015 WL 9839771, at *3 (W.D. Wash. Nov. 3, 2015) (awarding fee of 35% of settlement fund); *Dennings v. Clearwire Corp.*, No. C10-1859JLR, 2013 WL 1858797, at *8 (W.D. Wash. May 3, 2013) (awarding fee of 35.78% of the fund).

Here, Class Counsel requests a fee award of $533,280, which is 33.33% of the Settlement Fund, and an award of costs of $15,144.14. *See* Wolk Decl. ¶¶ 11, 18, 20; Declaration of Nicholas Ferraro ("Ferraro Decl.") ¶ 9. Class Counsel has worked on these claims without compensation. Wolk Decl. ¶ 14. In addition, Class Counsel anticipates additional work to ensure the settlement is fairly administered and implemented and to obtain dismissal of this action. *Id* ¶ 12.

The fee request is reasonable given the risks inherent in this class action. Indeed, there was a real possibility that Class Counsel would recover nothing for their work. But Class Counsel thoroughly investigated these claims, applied their investigation to the claims and defenses, participated in negotiations with Defendant, and achieved an excellent result for the Class. Wolk Decl. ¶ 14. Plaintiffs and Class Counsel maintain the Settlement is in the best interests of the Settlement Class. *Id*. ¶ 7. Indeed, this is an excellent result, given the risks and delays posed by continued litigation and possible appeals. *Id*. Class Counsel's request for fees and costs is therefore reasonable.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 8

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Where, as here, counsel in a class action seek fees from the common fund, courts have discretion to employ either the lodestar method or percentage-of-recovery method to calculate a reasonable fee. *Id*. When determining the appropriate fee from a common fund, the percentage-of-the-fund method is preferred.[1] *Id.* The percentage method aligns lawyers' interest with the interest of class members, since it encourages lawyers to concentrate their efforts on achieving the highest possible recovery for the class, which in turn increases the fee award. *See In re Bluetooth*, 654 F.3d at 942 ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."); *see also* William B. Rubenstein, *Why the Percentage Method?*, 2 Class Action Attorney Fee Digest 93 (March 2008) ("[U]nder the percentage method, counsel has an interest in generating as large a recovery for the class as possible, as her fee increases with the class's take, while keeping her hours to the minimum necessary to do the job effectively.").[2]

Here, Class Counsel agreed to limit their fee to 33.33% of the Settlement Fund, which is reasonable given the excellent outcome for the Class and the risks of continued litigation. Class Counsel litigated this case and took on risk they would not be paid for their efforts. They also spent considerable effort in prosecuting the claims, accruing over $189,000 in fees. Ferraro Decl. ¶ 5 and Wolk Decl. ¶¶ 12, 16-18.

### 3. The Settlement Treats Class Members Equitably.

Under this factor, the Court determines whether the settlement provides preferential treatment to any class or collective member. *Harris v. Vector Mkt'g Corp.*,

---

[1] The lodestar method, by contrast, is typically used in cases involving a fee-shifting statute with fees awarded in addition to a class fund or when the class's recovery is difficult to determine. *See Bowles*, 121 Wn.2d at 72; *In re Bluetooth*, 654 F.3d at 941 (courts use the lodestar method when the relief is "primarily injunctive in nature and thus not easily monetized"). The lodestar method has been criticized as prolonging litigation to the detriment of the class. *See Vizcaino,* 290 F.3d at 1050 n.5.

[2] Available at https://billrubenstein.com/wp-content/uploads/2019/08/Rubenstein-_Mar08_column.pdf.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 9

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

2011 WL 1627973, at *9 (N.D. Cal. Apr. 29, 2011). The Ninth Circuit has recognized that service awards to named plaintiffs are permissible and do not render a settlement unfair or unreasonable. *See Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). However, the court must examine whether there is a "significant disparity between the incentive awards and the payments to the rest of the class members such that it creates a conflict of interest." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 328 (C.D. Cal. 2016) (internal quotations omitted). To do so, the court looks at the proportion of the payments with respect to the settlement amount, along with the actions that the named plaintiffs have taken to protect the class, the degree to which the class benefitted from those actions, and the amount of time and effort the named plaintiffs expended in pursuing the litigation. *Id.* (internal quotations omitted).

Here, each Class Member has benefited from the work of the named Plaintiffs and will receive on average ~$2,000. Wolk Decl. ¶ 6. The proposed service payments of $10,000 each are therefore fair. *Id.* ¶ 21; *see also* ECF 22-1 ¶ 16. Similar service awards have been approved in Washington. *Rinky Dink, Inc.,* 2016 WL 3087073, at *4 (finding incentive award of $10,000 is reasonable.); *Morris v. FPI Mgmt., Inc.*, No. 2:19-CV-0128-TOR, 2022 WL 3013076, at *7 (E.D. Wash. Feb. 3, 2022) (same); *Hallman v. Wells Fargo Bank, N.A.*, No. 2:18-CV-01190 JLR, 2021 WL 9567170, at *1 (W.D. Wash. Mar. 2, 2021) (same). Further, each Settlement Class member's award amount was calculated in the same way, using the same assumptions and data. Accordingly, this factor weighs in favor of approval.

## IV.  CONCLUSION

The Settlement resulted from an arm's-length negotiation between counsel resolving a *bona fide* dispute over alleged unpaid wages. The settlement is fair, reasonable, and adequate. Accordingly, the Plaintiffs respectfully request that this Court grant final approval of the Settlement.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 10

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

RESPECTFULLY SUBMITTED AND DATED this 17th day of November, 2025.

REKHI & WOLK, P.S.

By: /s/ *Gregory A. Wolk*
Gregory A. Wolk, WSBA #28946
Hardeep S. Rekhi, WSBA #34579
Erika Lane, WSBA #40854
529 Warren Ave North, Suite 201
Seattle, Washington 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-mail: hardeep@rekhiwolk.com
     greg@rekhiwolk.com
     elane@rekhiwolk.com

FERRARO VEGA EMPLOYMENT LAWYERS

By: /s/ *Nicholas J. Ferraro*
Nicholas J. Ferraro, WSBA No. 59674
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-4007
Email: nick@ferrarovega.com

*Attorneys for Plaintiffs and the Class*

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 11

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**William M Symmes**
Williams Kastner
601 West Riverside Avenue
Suite 800
Spokane, WA 99201
509-609-3820
Fax: 206-628-6611
Email: wsymmes@williamskastner.com

**Abigail S Maurer**
Williams Kastner & Gibbs PLLC
601 Union Street
Suite 4000
Seattle, WA 98101
509-609-3820
Email: AMaurer@williamskastner.com

*Attorney for Defendant*

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 12

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

The foregoing statement is made under the penalty of perjury under the laws of the United States of America and the State of Washington and is true and correct.

DATED November 17, 2025.

By: *s/ Jeff Mead*
Jeff Mead, Paralegal
REKHI & WOLK, P.S.
529 Warren Avenue N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887

PLAINTIFFS' MOTION FOR FINAL APPROVAL
CASE NO.: 2:24-CV-00206-TOR - 13

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924