UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BREWSTER LOOMER AND PETER SLIMAN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VAAGEN BROS LUMBER, INC, a Washington corporation<br><br>Defendant. | NO. 2:24-CV-0206-TOR<br><br>ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

BEFORE THE COURT is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 25). A hearing was held on December 10, 2025. Erika Lane appeared on behalf of Plaintiffs. William M. Symmes appeared on behalf of Defendants. Having reviewed the file and the records therein and heard from counsel, the Court is fully informed. For the reasons discussed below, Plaintiffs' Motion Unopposed for Final Approval of Class Action Settlement (ECF No. 25) is **GRANTED.**

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 1

## BACKGROUND

Plaintiffs Brewster Loomer, Peter Sliman, and other similarly situated bring this class action against Defendant Vaagen Bros Lumber Inc for violations allegations of unpaid wages and missed break claims under the Federal Labor Act ("FSLA"), 29 U.S.C. §§ 201-219, and Washington State Laws. ECF No. 25 at 2. On September 2, 2025, the Court granted Preliminary Approval of Class Action Settlement and scheduled the final fairness hearing for December 10, 2025. ECF No. 24.

In the Court's Order granting Preliminary Approval of Class Action Settlement, the Court approved Notice of the Settlement to be sent to the members of the proposed class. ECF No. 24 at 16. Additionally, the Court preliminarily found that the Class Action Settlement Agreement ("Settlement Agreement") was fair, reasonable, and adequate. ECF Nos. 24 at 15; 22-1 at 11-15. Additionally, the Court found that the agreement was a result of arm's length negotiations between experienced attorneys with class action litigation regarding the specific issues and facts of this case. ECF No. 24 at 15. The Court granted appointment of class counsel and settlement administrator, CAC Services Group, LLC ("CAC"), and certified the class for purposes of this Settlement. ECF No. 24 at 14. On November 17, 2025, Plaintiffs filed a Motion for Settlement Final Approval. ECF No. 25. Defendant does not oppose this motion. ECF No. 29.

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 2

## DISCUSSION

**A. Final Approval of Class Action Settlement**

Federal Rule of Civil Procedure Rule 23 governs class actions. FED. R. CIV. P. 23. Rule 23(e) lays out the rules and requirements for a settlement and approval of a proposal. FED. R. CIV P. 23(e). A court may only approve a binding proposal once the court holds a hearing and finds "that it is fair, reasonable and adequate." FED. R. CIV. P. 23(e)(2). The Court considers a number of factors including:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23. Additionally, the Ninth Circuit also uses a multitude of factors to determine the fairness, reasonableness, and adequacy of a class settlement. These eight "*Churchill*" factors include:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a

governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (quoting *In re Bluetooth Headset Prods. Liab.*, 654 F.3d at 946); *Churchill Vill. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004). The Court will consider these factors in appropriate combined sections.

*1. Adequate Class Representation by Class Representatives and Class Counsel's Experience and Views*

Class counsel is experienced in this matter and class action lawsuits. class counsel worked on numerous class settlement cases. ECF Nos. 22-1 at 42-46; 22-2 at 3. Additionally, they have experience working on this type of case matter regarding employment and wage issues. ECF Nos. 22-1 at 35-46; 22-2 at 3-4. Class counsel "diligently investigated the facts of this case and researched the legal issues involved." ECF No. 22-1 at 11. Class counsel assert that the Settlement Agreement is in the best interests of the settlement class. ECF No. 25 at 9.

*2. Adequate Relief, Amount Offered in Settlement, and Reaction of the Class Members*

The gross settlement amount is $1,600,000. ECF No. 22-1 at 13. After the payments for other awards, the settlement class will receive approximately $1,022,620.00. ECF No. 22 at 10. The class members will receive over 60% of

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 4

alleged unpaid wages. ECF No. 25 at 5. This was calculated by an expert and will be disbursed by check. ECF No. 25 at 3-4.

The reaction of the class members regarding the Settlement Agreement and the relief was good. No one objected to the proposal and nine opted out. ECF No. 25 at 4.

*a. Costs, Risks, and Process for Determining Amount*

As required under the Ninth Circuit, recognizing the uncertainty, risks, and expenses involved with continuing litigation is usually considered when assessing adequacy. *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 677 (9th Cir. 2025). Continued litigation naturally comes with risks and additional costs. The parties' believed in the merits of their claims and defenses. ECF No. 25 at 5. However, the parties recognized the inconvenience, uncertainty, time, cost and additional burdens with continued litigation. ECF No. 22-1 at 11. This Settlement Agreement achieves "a full and complete settlement and compromise of all disputes and controversies." ECF No. 22-1 at 11. As will be discussed, the parties' recognized the unpredictability of further litigation and trial and wanted to consider a settlement agreement.

*3. Equitable Treatment of Class Members*

This factor is typically in reference to reasonability of service awards to

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 5

1 named plaintiffs. *In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102, 1115 n.6 (9th Cir. 2021) (stating that a settlement may provide "for service awards to the named plaintiffs, but service awards are compensation 'for work done on behalf of the class' throughout litigation") (citing *Rodriguez v. W. Pub. Corp.*, 563 F.3d 948, 958 (9th Cir. 2009)). They are the only class members treated differently. Furthermore, these awards are allowed if reasonable. The named plaintiffs are to receive $10,000 each for their work. ECF No. 25 at 11. Each class member will receive $2,000 on average. ECF No. 25 at 11. As stated, there are approximately 527 settlement class members (with nine opting out). ECF No. 25 at 7. The named plaintiffs' efforts ensured recovery and prevented the statute of limitations from running on claims held by unknowing employees. ECF No. 26 at 9. This is a reasonable amount in comparison and appropriately compensates them for their work. Therefore, there is equitable treatment of class members.

*4. Strength of Plaintiffs' Case*

The parties wanted to reach a settlement agreement. ECF No. 25 at 4. The parties did believe there was merit to the claims and defenses, however, also recognized the risks and potential costs with subsequent litigation and trial. ECF No. 25 at 4. Additionally, during mediation the parties' considered the strengths and weaknesses of each side with an exchange of detailed documents. ECF No. 25 at 6. The parties with counsels' advice examined the merits of the case and agreed

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 6

to settle. ECF No. 25 at 7.

    *5. Extent of Discovery Completed*

    Defendant provided class counsel with documentation including "policies, job descriptions, performance evaluations, payroll data, showing weekly earnings and time-off from work, and timekeeping data." ECF No. 25 at 6. Plaintiffs' expert used these documents to calculate damages for class members. *Id.* Moreover, the parties' reviewed the strengths and weaknesses during mediation which included exchange of detailed factual support and legal authority for each of the parties' position. *Id.* However, the case was in the very early stages. There was not any known government participant.

    *6. Evidence of Collusion*

    Furthermore, the Court must also consider Rule 23(e)(2) that requires the Court to consider the proposed award of attorneys' fees. *Kim v. Allison*, 8 F.4th 1170, 1179 (9th Cir. 2021); FED. R. CIV. P. 23(e)(2). The Court must consider whether there is any evidence of conflicts of interest or collusion before the Court may approve the settlement as fair. *Id.* For example, three warning signs include when the class does not receive disbursement of money, however, counsel receives a substantial reward, the party's negotiation for attorneys' fees is separate from the class settlement funds, or when the agreement allows fees that are not awarded to revert to the defendants rather than the class fund. *In re Bluetooth Headset Prods.*

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 7

1  *Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

2     None of the warning signs for collusion are present in this Settlement
3  Agreement.  First, class counsel is not receiving a substantial amount in
4  comparison to the class members.  Class counsel is receiving 33% of the settlement
5  fund.  They are receiving a service award of $533,280.00 and $15,144.14 in costs
6  (no more than $17,500.00 for litigation costs).  ECF No. 25 at 3, 9.  While "25% of
7  the activated settlement value is a useful benchmark to keep in mind in all cases"
8  the Ninth Circuit expressed that this value to the Class is difficult to quantify into a
9  dollar amount.  *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1126 (9th Cir. 2020).

10    Class counsel determined to use the percentage-of-recovery to calculate the
11 reasonable fee amount.  ECF No. 25 at 10.  Class counsel provided an hourly rate
12 and hours worked.  ECF No. 26 at 6.  Also, class counsel listed their costs for
13 litigation fees including costs for the expert, postage and mediation.  ECF No. 27 at
14 3.  Settlement administration costs are deemed to be no more than $6,508.78.  ECF
15 No. 28 at 3.

16    Second, there is no indication that the attorneys' fees were negotiated
17 separate from the class settlement funds.  Class counsel chose to use the
18 percentage-of recovery method for calculating attorney fees.  ECF No. 25 at 10.
19 This method is used when the monetary distribution for the class is simple to
20 calculate and awards class counsel a sufficient reasonable fee.  *Kim v. Allison*, 8

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION
SETTLEMENT ~ 8

1  F.4th 1170, 1181 (9th Cir. 2021) (citations omitted).  This method was in the

2  interests of the class members and the lawyers because it focuses on pursuing the

3  highest possible recovery for the class.  ECF No. 25 at 10.

4        Third, if the Court approves a less than requested amount for payments from

5  the settlement amount, then the Administrator will retain that amount in the Net

6  settlement fund.  "No funds shall revert to Defendant."  ECF No. 25 at 3.

7  Therefore, between these warning signs and any additional possible signs, there are

8  no concerning terms to establish an indication of collusion.

9        *7. Arms-Length Negotiation*

10        Additionally, an experienced mediator in "complex wage and hour class

11  action litigation", Cliff Freed, conducted mediation with the parties.

12  ECF No. 22-1 at 11.  These factors, taken together, show that the negotiation was

13  conducted at arm's length.  *Saucillo v. Peck*, 25 F.4th 1118, 1124 (9th Cir. 2022)

14  (recognizing that reaching the settlement agreement with an experienced mediator

15  ensures that the settlement is non-collusive and the product of arm's-length

16  negotiations, and therefore weighs in favor of approval).

17        Additionally, CAC ensured the settlement class members received

18  appropriate notice.  Four were undeliverable out of the 527 Notices sent.  ECF No.

19  25 at 3.  Settlement members were provided an opportunity to opt out or object to

20  the agreement.  ECF No. 25 at 2.  There are no objections and nine exclusions.  *Id.*

The nine excluded people are Randall Rickard, John Newman, Steven Harry, Jon Dodson, Bayley Benson, Ron Thomas, Austin Floener, Ron Lundquist, and Emmet Marshall. Their rights are not affected by this Order. CAC will also ensure the distribution of the settlement fund. ECF No. 25 at 8. The appropriate notice and the established process for providing relief demonstrates that this Settlement Agreement is effective.

After considering all the requirements under Rule 23(e) and factors required by the Ninth Circuit, the Court recognizes this Settlement Agreement as fair, reasonable, and adequate. Furthermore, the parties' acted in compliance with the Court's Notice requirements and Order for Preliminary Approval. Accordingly, the Court approves Plaintiffs' Motion for Final Approval of Settlement.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Final Settlement Approval (ECF No. 25) is **GRANTED.**
2. The Court finds, for purposes of finalizing approval of this Settlement only, that the requirements under Federal Rule of Civil Procedure Rule 23(e) and the Ninth Circuit were examined and are met.
3. The Court approves the Settlement Agreement, and the terms set forth therein- including the relief afforded to the settlement class, the service award to the Plaintiffs, the attorneys' fees and costs award to class

counsel, the settlement administration expenses award – as being fair reasonable and adequate. The Settlement Agreement is the result of arm's length negotiations with experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

4. The Court approves the terms of the Settlement Agreement and the gross settlement amount. In accordance with Settlement Agreement, Defendant shall pay the gross settlement amount in the amount of $1,600,000.

5. The Court approves attorneys' fees and costs. Pursuant to the Settlement Agreement, Plaintiffs shall be awarded 33% of the settlement fund, granting the sum of $548,394.14 to class counsel for attorneys' fees and costs in accordance with the terms of the Settlement Agreement.

6. The Court approves the payment of settlement administration costs to CAC for $6,508.78 pursuant to the Settlement Agreement.

7. The Court approves the Service Award of the named Plaintiffs. The named Plaintiffs' Brewster Loomer and Peter Sliman shall each receive $10,000 for their service as class representatives.

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 11

8. The Court finds that Notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order (ECF No. 24) and as required under Federal Rule of Civil Procedure Rule 23(e)(1).

9. The nine people who opted out of the Settlement Agreement are not participating class members and will not be affected by the Settlement Agreement or this Order.

10. Upon the date on which this Order is entered, in accordance with this Order and Settlement Agreement, Plaintiffs and all members of the settlement class shall fully, finally and forever relinquish and discharge Defendant from all claims as defined in Settlement Agreement.  All members of the settlement class shall be permanently barred and enjoined from the prosecution of any and all of the claims released under the terms of the Settlement Agreement.

11. The Court orders the Parties to comply with and carry out all terms and provisions of the Settlement, to the extent that the terms do not contradict or conflict with this Order and Judgment, in which case the provisions of this Order and Judgment shall take precedence and supersede the Settlement.

12. This Court retains jurisdiction over any and all matters for the administration, enforcement, interpretation, and consummation of this

ORDER ON PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT ~ 12

Order including claims against Defendant for purposes of resolving any disputes that may arise under the Settlement Agreement.

13. Plaintiffs' case is **DISMISSED with prejudice** and without fees or costs to any party except as provided of in this Order and in compliance with the Settlement Agreement.

14. The Clerk shall enter Judgment dismissing this action with prejudice, thereby binding each participating class member to the terms of the Settlement Agreement.

The District Court Executive is directed to enter this Order, enter Judgment of dismissal with prejudice, furnish copies to counsel, and **CLOSE** the file.

DATED December 10, 2025.



THOMAS O. RICE
United States District Judge